1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10                 WESTERN DIVISION

| | |
|---|---|
| 11 JOSEPH VICTOR LAGANA, | ) No. CV 19-01360-DOC (JDE) |
| 12          Petitioner, | ) |
| 13          v. | ) ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| 14 PEOPLE OF THE STATE OF CALIFORNIA, SUPERIOR COURT, AND SHERIFF IAN PARKINSON, | ) |
| 17          Respondents. | ) |

19

20        On February 13, 2019, the Court received a Petition for Writ of Habeas

21   Corpus by Joseph Victor Lagana ("Petitioner"). Dkt 1 ("Petition" or "Pet.").

22   Pursuant to Rule 4 of Rules Governing Section 2254 Cases in the United States

23   District Courts ("Habeas Rules"), the Court must review the Petition and, if it

24   plainly appears from the Petition and any attached exhibits that Petitioner is

25   not entitled to relief, dismiss the Petition.

26        Here, as set forth below, the Petition appears subject to dismissal in

27   accordance with Younger v. Harris, 401 U.S. 37 (1971).

28

# I.

## RELEVANT PROCEDURAL HISTORY

Petitioner asserts that he is being prosecuted in the Superior Court for the County of San Luis Obispo in Case No. 18F-11847 and is currently "unsentenced" / "not yet sentenced." Pet. at 1-2. He asserts he is in custody at the San Luis Obispo County Jail. Id. at 1-2. In response to a question "If you went to trial, what kind of trial did you have," Petitioner circled "Jury." Id. at 2. Petitioner states he has not appealed any conviction to the California Court of Appeal or California Supreme Court. Id. at 3. Plaintiff has, however, filed a federal civil rights lawsuit in this District. Id. (see also Joseph Victor Lagana v. State of California, et al., United States District Court, Central District of California, Case No. 2:19-cv-00456-DOC (JDE)). Plaintiff had not presented any of his proposed grounds for relief to any other court "because they just [happened] on January 23 2019 and I don't have 'pro-per' status anymore." Pet at 5.

# II.

## YOUNGER ABSTENTION APPEARS APPROPRIATE

Under the Younger abstention doctrine, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances. Younger, 401 U.S. at 43-54. Younger abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). The Younger rationale applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611 (1975); Dubinka v. Judges of the Superior Court of the State of Cal., 23 F.3d 218, 223 (9th Cir. 1994) (stating that even if the trial was

complete at the time of the court's decision, state court proceedings were still considered pending for <u>Younger</u> abstention purposes).

Here, all of the <u>Younger</u> criteria are present. First, Petitioner's state court proceedings are ongoing as he has not yet been sentenced by the trial court and he may appeal and/or seek state habeas relief after his sentencing. Second, a state's task of enforcing its laws against socially harmful conduct is "important and necessary," <u>Younger</u>, 401 U.S. at 51-52, and as such, the state proceedings implicate important state interests. Third, because the sentencing will result in the ultimate judgment, <u>see</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 156, (2007) (per curiam) ("'[t]he sentence is the judgment'") (citation omitted), Petitioner still has an adequate state forum in which to pursue his claims. <u>See</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). As such, this Court must abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. <u>Canatella v. California</u>, 404 F.3d 1106, 1109-10 (9th Cir. 2005).

Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass, or are based on "flagrantly and patently" unconstitutional state rules, or where some other extraordinary circumstance is present. <u>See</u> <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435-37 (1982). Additionally, irreparable injury alone is insufficient to warrant federal intervention unless the irreparable injury is both great and immediate. <u>See</u> <u>Younger</u>, 401 U.S. at 46. Here, it does not appear that the circumstances of Petitioner's case fall within any recognized exception to the <u>Younger</u> doctrine.

For the foregoing reasons, it appears that <u>Younger</u> abstention is appropriate in this case. A stay of the proceedings is unnecessary as Petitioner's judgment is not yet final and the one-year limitations period under 28 U.S.C. § 2244(d) has not commenced. <u>See</u> <u>United States v. LaFromboise</u>, 427 F.3d 680, 683 (9th Cir. 2005) (as amended); <u>see also</u> <u>Burton</u>, 549 U.S. at 156 ("Final judgment in a criminal case means sentence. The sentence is the judgment." (citation omitted)).

## III.

## CONCLUSION

Accordingly, Petitioner is ORDERED to show cause, in writing, by no later than thirty (30) days from the date of this Order, why the Petition should not be dismissed as premature pursuant to the <u>Younger</u> abstention doctrine. **Alternatively, Petitioner may dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a).**

Petitioner is cautioned that a failure to respond timely in compliance with this Order will result in a recommendation that this action be dismissed pursuant to the <u>Younger</u> abstention doctrine, as well as for failure to prosecute and failure to comply with a Court order.

Dated: March 04, 2019

_____
JOHN D. EARLY
United States Magistrate Judge